UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ERIC LEON JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 2:14cv249 |
| | ) |
| THE CITY OF SOUTH BEND, *et al.* | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a "Motion for Statutory Exception" filed by the plaintiff, Eric Leon Johnson ("Johnson"), on July 17, 2014. Johnson is proceeding *pro se*. Also before the court is a motion to dismiss filed by the defendants on September 23, 2014. Johnson responded to this motion on October 6, 2014, and the defendants have declined to file a reply.

For the following reasons, Johnson's motion will be denied and the defendants' motion will be granted.

Discussion

The defendants' motion to dismiss is based on the statute of limitations. Before addressing the motion to dismiss, the court will briefly discuss Johnson's motion for statutory exception. In his motion, Johnson states "I am requesting a statutory exception, based on a civil commitment." However, Johnson does not state the legal basis for the claimed statutory exception. While Johnson recites that a statutory exception is "a provision in a statute exempting certain persons or conduct from the statute's operation", he fails to cite to any such statutory provision. Nor is the court aware of any statutory exception that would apply to this case.

Johnson claims that he is entitled to the statutory exception due to a "civil commitment".

Johnson appears to be claiming that the statute of limitations should not apply to his case because he was under a civil commitment order and could not file his case within the limitations period.  In his response to the motion to dismiss, Johnson explains that he had a drug addiction and claims that "[b]y having a chemical dependency, everything I did, I was acting under the civil commitment clause and according to federal law, I'am [sic] entitled to a statutory exception, excluding this case from the statute's operation."  Even assuming, for purposes of this case, that a civil commitment would toll the statute of limitations, there is no showing that Johnson was under a civil commitment order.

Johnson has submitted, as exhibits, various information from Edgewater Systems for Balanced Living, which apparently provides mental health and addiction services.  Johnson's exhibits shows he was a client of Edgewater Systems.  However, it is unclear from the documentation whether Johnson was an inpatient or outpatient or both.  In his motion for statutory exception Johnson states that "Dr. Washington told me about Edgewater Systems, On [sic] 10-19-04 I went to Edgewater Systems for mental treatments and my drug addiction, I stayed until 9-14-2013."  Johnson also states that "I went for treatment at Edgewater systems for a balanced living, I went for drugs and mental health treathments [sic] every day for nearly 10 years.... I have not recovered, I stopped going, because I couldn't afford the treatments."  Thus, it appears that Johnson was not under a civil commitment but was voluntarily receiving treatment as an outpatient.  Consequently, Johnson's motion for statutory exception will be denied.

Next, the court will consider the defendants' motion to dismiss.  The defendants in this case are the City of South Bend, the South Bend Police Department, and Officers Jon Hanley,

Galen Pellettier, David Ryans, and Jamie Buford.  Johnson has alleged that on January 25, 2004, the Officers illegally entered his apartment and unlawfully took his safe, containing $6000.00 in paper money and $200.00 in gold and silver coins.  Johnson also alleges that on February 4, 2004, the Officers illegally entered and searched his apartment and took $200.00 from him.  Johnson alleges that on March 16, 2004, the Officers falsely arrested him for no reason and destroyed $3500.00 worth of digital equipment.   Johnson also alleges that on this same date the Officers damaged the inside of his car.  Finally, Johnson alleges that on March 17, 2004, the St. Joseph County judge and prosecuting attorney allowed his criminal case to remain in court without investigating the charges.  Johnson has brought his case pursuant to 42 U.S.C. § 1983.

The defendants have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The defendants note that Johnson filed this cause of action in August of 2014, and that the allegations in Johnson's Complaint allege conduct that occurred in the State of Indiana in January, February and March of 2004.  As the statute of limitations in Section 1983 actions is the same period as the statute of limitations for the personal injury claims in the state where the action arose, the applicable statute of limitations is two years.  I.C. 34-11-2-4.   The defendants thus seek dismissal of this case as the statute of limitations has clearly run.

Other than his request for statutory exception due to civil commitment, which this court has already denied, Johnson does not have much argument as to why he failed to sue for over 10 years.  In his "Detail Information that Support my Claims", filed on July 17, 2014, Johnson states:

> I also feel that Judge William Albright and prosecuting Attorney Thomas Sander's knowing and willing actions fell outside the boundaries of their job description when they allowed those charges to remain in court for 2 years and 3 months.  I believe the case stayed in court for over 2 years, to exhaust the statue

3

> [sic] of limitations and my lawyer played a part in the conspiracy, to keep the officers involved safe from prosecution.

Yet, even if his criminal case was inappropriately delayed, Johnson does not explain how this inaction affected his ability to file a civil suit against the City and the Officers that allegedly stole money from him and falsely arrested him. Nor does Johnson explain why he waited 10 years to file this lawsuit. Johnson's federal cause of action accrued when the alleged unlawful incidents occurred, not when his criminal case was completed in state court. While the federal civil case may possibly have been stayed pending resolution of the underlying state criminal case, Johnson should have filed his lawsuit before the statute of limitations expired. Accordingly, as this case is barred by the statute of limitations, the defendants' motion to dismiss will be granted.

## Conclusion

On the basis of the foregoing, Johnson's motion for statutory exception [DE 6] is hereby DENIED. Further, the defendants' motion to dismiss [DE 16] is hereby GRANTED.

Entered: December 9, 2014.

s/ William C. Lee
William C. Lee, Judge
United States District Court