UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ERIC LEON JOHNSON,

    Plaintiff,

    v.

THE CITY OF SOUTH BEND, INDIANA, THE CITY OF SOUTH BEND POLICE DEPARTMENT, JON HANLEY, GALEN PELLETTIER, DAVID RYANS, and JAMIE BUFORD,

    Defendants.

Case No. 2:14-CV-249 JVB

**ORDER**

Plaintiff Eric Leon Johnson filed his complaint against Defendants the City of South Bend, the City of South Bend Police Department, Jon Hanley, Galen Pellettier, David Ryans, and Jamie Buford, violated his Fourth and Fourteenth Amendment Rights in a series of incidents beginning in January 2004 and ending in March 2004. Defendants moved for summary judgment (DE 46).

In their motion, Defendants argue that Plaintiff's claims were brought well after the statute of limitations. The Court agrees. The statute of limitations period for civil cases brought pursuant to 42 U.S.C. § 1983 are governed by the state law period for personal injury actions. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). In Indiana, such period is two years. Ind. Code § 34-11-2-4. Therefore, in order to bring his case within the statute of limitations, Plaintiff

would have had to sue no later than January 2006 to include all of the alleged incidents. Plaintiff did not file his complaint until July 2014, eight years after the time to sue expired.

In his supplemental response, Plaintiff argues that he filed his complaint late due to his mental illness and a "voluntary civil commitment." (DE 50.) Mental incompetence can be grounds for tolling of the statute of limitations. *See Davis v. Humphreys*, 747 F.3d 497 (7th Cir. 2014). Plaintiff attached what appear to be mental health counseling records to his response to the motion; however, he does not make any discernible argument as to how these records show that he was mentally incompetent, nor does he make any legal argument that his mental incompetence should toll the statute of limitations such that his complaint would be considered timely. "A party will be deemed to have waived a claim for failing to cite both legal authority and supporting factual evidence." *De v. City of Chicago*, 912 F.Supp.2d 709, 734 (7th Cir. 2012) (citing *Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 708 (7th Cir. 2010)).

Accordingly, the Court GRANTS Defendants' motion for summary judgment (DE 46), DENIES Plaintiff's motion for a status report (DE 53) as moot, and ORDERS the Clerk to close this case.

SO ORDERED on July 25, 2018.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE